**UNITED STATES of America, Plaintiff,**

v.

**CITY OF CHICAGO et al., Defendants, Louis Arado et al., Intervenors-Defendants.**

**Renault ROBINSON and Afro-American Patrolmen's League, an Illinois not-for-profit corporation, Plaintiffs,**

v.

**James B. CONLISK, Jr.,* et al., Defendants.**

**Tadeo Robert CAMACHO et al., Plaintiffs,**

v.

**CITY OF CHICAGO et al., Defendants.**

**Nos. 73 C 2080, 70 C 2220 and 73 C 1252.**

United States District Court,
N. D. Illinois, E. D.

April 24, 1974.

See also D.C., 385 F.Supp. 543.

---

* JAMES M. ROCHFORD (substituted 3/14/74 as new Superintendent).

Richard J. Phelan, Chicago, Ill., Sp. Counsel, Isham, Lincoln & Beale, Chicago, Ill., William R. Quinlan, Daniel R. Pascale, Richard F. Friedman, Ann Acker, Jerome A. Siegan, Michael Small, Asst. Corp. Counsels, City of Chicago, Chicago, Ill., for defendants.

Ilana Diamond Rovner, Asst. U. S. Atty., Chicago, Ill., David W. Allen, Donald Pailen, U. S. Dept. of Justice, Washington, D.C., for United States.

Thomas A. Gottschalk, Gary M. Elden, John W. Conniff, John P. Wilson, Jr., James A. Cherney, Chicago, Ill., Kirkland & Ellis for Robinson, and another.

Michael L. Meyer, Barry S. Alberts, Schiff, Hardin & Waite, William J. McNally, Judith S. Bernstein, Chicago, Ill., for Camacho, and others.

## MEMORANDUM OPINION

MARSHALL, District Judge.

Before me is the motion of plaintiff United States of America in cause No. 73 C 2080, joined in by all plaintiffs[1] in causes Nos. 70 C 2220 and 73 C 1252, to consolidate these cases for all purposes, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure.[2]

Plaintiffs argue that these cases present (1) common questions of law as to whether the practices engaged in by the defendants[3] are unlawful and in violation of rights secured by Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e et seq., the Fifth, Thirteenth and Fourteenth Amendments to the United States Constitution and sections 1981 and 1983 of the Civil Rights Act, 42 U. S.C. §§ 1981 and 1983 and (2) common factual questions of whether the defendants discriminate against Black and Spanish surnamed persons in the hiring, promotion, assignment and other treatment, terms and conditions of employment of police officers.

Defendants argue that the cases lack the requisite common issues of law and

---

1. The Government is the sole plaintiff in United States v. City of Chicago et al. Renault Robinson, suing individually, and the Afro-American Patrolmen's League, suing on behalf of its members, are the plaintiffs in Robinson v. Conlisk et al. Tadeo Camacho, Michael, Beal, Ronald Coleman, Willie Coleman, Larry Cook, Martin L. Horner, Richard L. Jackson, Alexander C. Mitchell, Curtis Montgomery, John Mosely and Andrew L. Robinson are the plaintiffs in Camacho v. City of Chicago. The plaintiffs in *Camacho* have now pending before me a motion to certify a class, constituting of those who have applied for but have been denied employment as patrolmen in the Chicago Police Department because of their race, color or national origin.

2. Plaintiffs move to have the trial on the merits regarding the issues advanced and consolidated with the hearing for a preliminary injunction, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure. If plaintiffs' motion on this issue is granted, *Camacho* will be entirely disposed of at the hearing for a preliminary injunction.

3. The City of Chicago, James Conlisk, William Cahill, Reginald DuBois and Quentin J. Goodwin are defendants in United States v. City of Chicago et al. James Conlisk, The City, Paul Goodrich, Raymond Hauser, Marlin Johnson, Rev. Wilbur Daniel, Lewis F. Perch, the Police Review Board of the City of Chicago and James Rochford are defendants in Robinson v. Conlisk. The City, James Conlisk, William Cahill, Reginald DuBois, Quentin J. Goodwin and Charles Pounian are defendants in Camacho v. City of Chicago et al.

fact as required by Rule 42(a) of the Federal Rules of Civil Procedure.

The complaint in United States v. City of Chicago et al., 73 C 2080, alleges *inter alia* that the City and the other named defendants discriminate against Blacks and Spanish surnamed persons with respect to employment opportunities and conditions of employment of the Chicago Police Department through various practices in recruiting, hiring, promotion, assignments and discipline of police officers.[4] The complaint further alleges that the defendants pursue policies and practices of sex discrimination against women regarding employment opportunities and conditions of employment within the Police Department. As to all claims, violations of Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e et seq., 42 U.S.C. §§ 1981 and 1983 and the Fourteenth Amendment are alleged.

The *Camacho* complaint,[5] 73 C 1252, alleges *inter alia* that the defendants discriminate against Blacks and Spanish surnamed persons in the recruiting and hiring of police officers through height and weight requirements, written examinations, medical examinations and background investigations. Violations of Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e et seq., 42 U.S.C. §§ 1981 and 1983 and the Fourteenth Amendment are alleged.

The *Robinson* complaint,[6] 70 C 2220, alleges in Count 1 that Robinson and members of the Afro-American Patrolmen's League have been subjected to unequal standards, punishment and treatment for the purposes of harassment in violation of 42 U.S.C. § 1983, the First, Fifth and Fourteenth Amendments of the United States Constitution. Count 2 alleges that League members, including Robinson, have been discriminated

against on racial grounds by defendants' practices regarding the hiring, assignment, discipline and promotion of police officers in violation of 42 U.S.C. § 1981 and § 1983, the Fifth, Thirteenth and Fourteenth Amendments of the United States Constitution. Damages and equitable relief are sought for the alleged violations.

The *United States* and *Camacho* suits charge the defendants with discrimination in the recruiting and hiring of Black and Spanish surnamed applicants for the Chicago Police Department. In these circumstances we can assume that the *United States* and *Camacho* allegations will be proven, if at all, through evidence demonstrating the disproportionate racial impact of qualifications, tests and other procedures utilized by defendants in hiring police officers. The respective complaints charge violations of Title VII of the 1964 Civil Rights Act, as amended March 24, 1972, the Fourteenth Amendment and 42 U.S.C. §§ 1981 and 1983. The relief sought in both cases is comparable.[7]

Count 2 of the *Robinson* complaint alleges discriminatory practices in promotion, discipline and assignment as does the *United States* case. Again, we can assume that the statistical and testimonial evidence concerning the alleged discrimination will be common to *Robinson* and *United States*. Violations of 42 U.S.C. § 1981 and the Fourteenth Amendment are alleged. Moreover, the relief sought is similar.

■ The absence of Title VII allegations from the *Robinson* complaint is not fatal to consolidation. The substantive requirements and burden of proof under Title VII and § 1981 are the same. See Griggs v. Duke Power Co., 401 U.S. 424, 91 S.Ct. 849, 28 L.Ed.2d 158 (1971); Chance v. Board of Examiners, 458 F.2d

---

4. The tests, qualifications, efficiency ratings, selection standards and work assignment standards utilized by the Chicago Police Department in recruiting, hiring, promotion, assignment and discipline are challenged.

5. The *Camacho* plaintiffs are Blacks and Spanish surnamed persons.

6. Robinson and the members of the Afro-American Patrolmen's League are Black police officers.

7. Defendants' argument that the EEOC is the proper plaintiff in United States v. City of Chicago et al., is rejected. See Plaintiffs' Joint Reply Memorandum in Support of Motion for Consolidation at 4–6.

1167 (2d Cir. 1972); Carter v. Gallagher, 452 F.2d 315 (8th Cir. 1972). Thus consolidation will not result in lengthening trial time or confusion of the issues.

The evidence supporting Count 1 and discriminatory assignment and discipline claims of Count 2 of the *Robinson* complaint can readily be heard with the *United States* allegations of discriminatory discipline, assignments and sex discrimination.

The fact that each of these three cases are not at the same stage of discovery is not fatal to consolidation. First, discovery has been initiated in all three cases. Discovery began in *Robinson* in 1971 and has proceeded from that time. Discovery in *United States* is proceeding with due dispatch. *Camacho's* discovery posture is the most uncertain, but the plaintiffs therein represent that they will be prepared to proceed with the motion for preliminary injunction. Furthermore, the discovery in *United States* duplicates most of the discovery that would be available on the *Camacho* claims.

Consolidation will effect appreciable savings of time and expense without any apparent prejudice to the defendants. Accordingly, plaintiffs' joint motion to consolidate is *Granted.*

It Is Ordered that United States v. City of Chicago et al., 73 C 2080, Camacho v. City of Chicago et al., 73 C 1252, and Robinson v. Conlisk, 70 C 2220, be consolidated for all purposes. At the hearing on the motions for preliminary injunctions, the court will be prepared to consider all issues of racial or sex discrimination relating to recruiting, hiring, promotion, assignment and discipline, reserving to the parties which of those issues will be presented at that hearing. It is further ordered that the trial on the merits be advanced and consolidated with the hearing for a preliminary injunction, pursuant to Rule 65(a)(2) of the Federal Rules of Civil Procedure.